B 27 (Official Form 27) (12/13)

# UNITED STATES BANKRUPTCY COURT
Western District of Texas

In re  Gilbert Rodriguez ,
       *Debtor*

Case No.  15-51359
Chapter  7

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name:  CAVALRY SPV I, LLC as assignee of Capital One, N.A./YAMAHA

2. Amount of the debt subject to this reaffirmation agreement:
   $ 5,166.03 on the date of bankruptcy   $ 5,166.03  to be paid under reaffirmation agreement

3. Annual percentage rate of interest:  _____ % prior to bankruptcy
   0.0 % under reaffirmation agreement ( ✓ Fixed Rate ___ Adjustable Rate)

4. Repayment terms (if fixed rate): $ 145.00 per month for  36  months

5. Collateral, if any, securing the debt: Current market value: $ 5166.03
   Description:  2007 YAMAHA YZFR6WL

6. Does the creditor assert that the debt is nondischargeable? ___Yes  ✓ No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

| **Debtor's Schedule I and J Entries** | **Debtor's Income and Expenses as Stated on Reaffirmation Agreement** |
|---|---|
| 7A. Total monthly income from Schedule I, line 12  $ 1,295 | 7B. Monthly income from all sources after payroll deductions  $ 1,295 |
| 8A. Total monthly expenses from Schedule J, line 22  $ 1553 | 8B. Monthly expenses  $ 1553 |
| 9A. Total monthly payments on reaffirmed debts not listed on Schedule J  $ 0 | 9B. Total monthly payments on reaffirmed debts not included in monthly expenses  $ 0 /145 |
| | 10B. Net monthly income  $ (403) (Subtract sum of lines 8B and 9B from line 7B. If total is less than zero, put the number in brackets.) |

B27 (Official Form 27) (12/13)

Page 2

11. Explain with specificity any difference between the income amounts (7A and 7B):
_____
_____

12. Explain with specificity any difference between the expense amounts (8A and 8B):
_____
_____

If line 11 or12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

_____
Signature of Debtor (only required if line 11 or 12 is completed)

_____
Signature of Joint Debtor (if applicable, and only required if line 11 or 12 is completed)

**Other Information**

☑ Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt:
Reduce Necessary Expenditures. I AM
The Co-signer. My Son will make Payments.

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
____Yes   ✓ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
____Yes   ____No

## FILER'S CERTIFICATION

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

_____
Signature

Jason L. Erwin   Authorized Rep
Print/Type Name & Signer's Relation to Case

B240A (Form B240A) (04/10)

> Check one.
> ☑ Presumption of Undue Hardship
> ☐ No Presumption of Undue Hardship
> *See Debtor's Statement in Support of Reaffirmation, Part II below, to determine which box to check.*

# UNITED STATES BANKRUPTCY COURT
## Western District of Texas

In re _____Gilbert Rodriguez_____,     Case No. 15-51359
       *Debtor*

                                       Chapter 7

## REAFFIRMATION DOCUMENTS

**Name of Creditor:** CAVALRY SPV I, LLC as assignee of Capital One, N.A./YAMAHA

☐ Check this box if Creditor is a Credit Union

### PART I. REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A. Brief description of the original agreement being reaffirmed: _____Secured revolving account_____
   *For example, auto loan*

B. **AMOUNT REAFFIRMED:**    $_____5166.03_____

   The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before _____, which is the date of the Disclosure Statement portion of this form (Part V).

   *See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C. The **ANNUAL PERCENTAGE RATE** applicable to the Amount Reaffirmed is _0_ %.

   *See definition of "Annual Percentage Rate" in Part V, Section C below.*

   This is a *(check one)*  ☑ Fixed rate          ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

D. Reaffirmation Agreement Repayment Terms *(check and complete one)*:

- ☑ $ 145.00 per month for 36 months starting on 11/20/15.

- ☐ Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount.

_____
_____
_____

E. Describe the collateral, if any, securing the debt:

Description:              2007 YAMAHA YZFR6WL
Current Market Value      $                    5166.03

F. Did the debt that is being reaffirmed arise from the purchase of the collateral described above?

- ☑ Yes. What was the purchase price for the collateral?    $ _____

- ☐ No. What was the amount of the original loan?           $ _____

G. Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

|  | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due *(including fees and costs)* | $ 5,166.03 | $ 5166.03 |
| Annual Percentage Rate | _____ % | 0 % |
| Monthly Payment | $ _____ | $ 145.00 |

H. ☐ Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit:

_____
_____

## PART II.   DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A. Were you represented by an attorney during the course of negotiating this agreement?

   Check one.   ☐ Yes    ☑ No

B. Is the creditor a credit union?

   Check one.   ☐ Yes    ☑ No

C. If your answer to EITHER question A. or B. above is "No," complete 1. and 2. below.

  1. Your present monthly income and expenses are:

     a. Monthly income from all sources after payroll deductions
        (take-home pay plus any other income)                                    $ 1,295

     b. Monthly expenses (including all reaffirmed debts except         1553
        this one)                                                                $ 1698

     c. Amount available to pay this reaffirmed debt (subtract b. from a.)       $ 0

     d. Amount of monthly payment required for this reaffirmed debt              $ 145.00

   *If the monthly payment on this reaffirmed debt (line d.) **is greater than** the amount you have available to pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

  2. You believe that this reaffirmation agreement will not impose an undue hardship on you or your dependents because:

Check one of the two statements below, if applicable:

  ☐   You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts you are reaffirming, including this one.

  ☐   You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because:
      SON (PRIMARY debTOR) WiLL MAKE The PaymenTs.
      _____

Use an additional page if needed for a full explanation.

D. If your answers to BOTH questions A. and B. above were "Yes," check the following statement, if applicable:

  ☐   You believe this Reaffirmation Agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

## PART III. CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I hereby certify that:

    (1)    I agree to reaffirm the debt described above.

    (2)    Before signing this Reaffirmation Agreement, I read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

    (3)    The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

    (4)    I am entering into this agreement voluntarily and am fully informed of my rights and responsibilities; and

    (5)    I have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If this is a joint Reaffirmation Agreement, both debtors must sign.):

Date Aug 29, 2015     Signature _____
                                              Debtor

Date _____   Signature _____
                                              Joint Debtor, if any

**Reaffirmation Agreement Terms Accepted by Creditor:**

Creditor  CAVALRY SPV I, LLC as assignee of Capital One, N.A.    C/O Bass & Associates, P.C., 3936 E. Ft. Lowell Ste 200, Tucson, AZ, 85712
                *Print Name*                                            *Address*

Jason L. Erwin          _____         9/1/15
*Print Name of Representative*       *Signature*                  *Date*

## PART IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date _____    Signature of Debtor's Attorney _____

                Print Name of Debtor's Attorney _____

# PART V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

**Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I above) and these additional important disclosures and instructions.**

Reaffirming a debt is a serious financial decision. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, which are detailed in the Instructions provided in Part V, Section B below, are not completed, the Reaffirmation Agreement is not effective, even though you have signed it.

### A. DISCLOSURE STATEMENT

1. **What are your obligations if you reaffirm a debt?** A reaffirmed debt remains your personal legal obligation to pay. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the Reaffirmation Agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2. **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3. **What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4. **How soon do you need to enter into and file a reaffirmation agreement?** If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this form that require a signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required. However, the court may extend the time for filing, even after the 60-day period has ended.

5. **Can you cancel the agreement?** You may rescind (cancel) your Reaffirmation Agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your Reaffirmation Agreement is filed with the court, whichever occurs later. To rescind (cancel) your Reaffirmation Agreement, you must notify the creditor that your Reaffirmation Agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

6. **When will this Reaffirmation Agreement be effective?**

    a. **If you *were* represented by an attorney during the negotiation of your Reaffirmation Agreement and**

    i. **if the creditor is not a Credit Union,** your Reaffirmation Agreement becomes effective when it is filed with the court unless the reaffirmation is presumed to be an undue hardship. If the Reaffirmation Agreement is presumed to be an undue hardship, the court must review it and may set a hearing to determine whether you have rebutted the presumption of undue hardship.

    ii. **if the creditor is a Credit Union,** your Reaffirmation Agreement becomes effective when it is filed with the court.

    b. **If you *were not* represented by an attorney during the negotiation of your Reaffirmation Agreement**, the Reaffirmation Agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your Reaffirmation Agreement. You must attend this hearing, at which time the judge will review your Reaffirmation Agreement. If the judge decides that the Reaffirmation Agreement is in your best interest, the agreement will be approved and will become effective. However, if your Reaffirmation Agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your Reaffirmation Agreement.

7. **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the Reaffirmation Agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

**B.   INSTRUCTIONS**

1. Review these Disclosures and carefully consider your decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2. Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3. If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney (Part IV above).

4. You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 27).

5. *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement" unless your Reaffirmation Agreement is for a consumer debt secured by a lien on your real property, such as your home. You can use Form B240B to do this.*

## C. DEFINITIONS

1. **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The total amount of debt includes any unpaid fees and costs that you are agreeing to pay that arose on or before the date of disclosure, which is the date specified in the Reaffirmation Agreement (Part I, Section B above). Your credit agreement may obligate you to pay additional amounts that arise after the date of this disclosure. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this disclosure.

2. **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3. **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

B240B (Form B240B) (12/09)

# UNITED STATES BANKRUPTCY COURT
Western District of Texas

In re Gilbert Rodriguez ,
      *Debtor*

Case No. 15-51359

Chapter 7

## MOTION FOR APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of Reaffirmation Agreement, and because *(provide any additional relevant reasons the court should consider)*:

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions *(check all applicable boxes)*:

    ☒ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

    ☒ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income, as explained in Part II of Form B240A, Reaffirmation Documents)

Signed: _____
    *(Debtor)*

_____
*(Joint Debtor, if any)*

Date: Aug. 24, 2015

B240C (Form B240C) (12/09)

# United States Bankruptcy Court
__Western__ District of __Texas__

In re  Gilbert Rodriguez                    ,          Case No. 15-51359
             Debtor                                    Chapter  7

## ORDER ON REAFFIRMATION AGREEMENT

The debtor(s) _____ has (have) filed a motion for approval of the reaffirmation agreement dated _____ made between the debtor(s) and creditor _____. The court held the hearing required by 11 U.S.C. § 524(d) on notice to the debtor(s) and the creditor on _____ (date).

COURT ORDER:   ☐ The court grants the debtor's motion under 11 U.S.C. § 524(c)(6)(A) and approves the reaffirmation agreement described above as not imposing an undue hardship on the debtor(s) or a dependent of the debtor(s) and as being in the best interest of the debtor(s).

☐ The court grants the debtor's motion under 11 U.S.C. § 524(k)(8) and approves the reaffirmation agreement described above.

☐ The court does not disapprove the reaffirmation agreement under 11 U.S.C. § 524(m).

☐ The court disapproves the reaffirmation agreement under 11 U.S.C. § 524(m).

☐ The court does not approve the reaffirmation agreement.

BY THE COURT

Date: _____

_____
*United States Bankruptcy Judge*

(To be sent to the Department of Motor Vehicles of applicable State)



Capital One Retail Services
3800 Golf Road
Rolling Meadows, IL 60008

## NOTICE OF LIEN TRANSFER - DO NOT DESTROY

July 21, 2015

RODRIGUEZ, GILBERT JR
WEIR AVE
SAN ANTONIO, TX 78226

YEAR: 2007
MAKE: YAMAHA
MODEL: YZFR6WL
VIN: JYARJ12E07A011728

Account ending in: ****1270

To whom it may concern:

The above referenced account has been sold and the lien held by Capital One has been reassigned to CAVALRY as of the date of this letter. This letter shall serve as verification of the lien being released to CAVALRY and no further interest is now held by Capital One.

Sincerely,

Nakena Johnson
Titles Representative

Letter ID: TTLTRS1559851

State of Illinois
County of Cook

Signed and sworn to before me this ___ day of _____, 2015 by Nakena Johnson.

(Signature of Notary)
(Seal)

OFFICIAL SEAL
LISA A CARNANA-GREIL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/09/19

© 2015 Capital One. Capital One is a federally registered service mark. All rights reserved.

## LIMITED POWER OF ATTORNEY

HSBC Bank Nevada, National Association, formerly known as Household Bank (SB), N.A, a national banking association, having its principal office at 1111 Town Center Drive, Las Vegas NV 89144, Las Vegas, Nevada, and HSBC Retail Credit (USA) Inc., a New York corporation, having its principal office at One HSBC Center Buffalo NY 14203 (each, the "*Grantor*"), hereby appoint Capital One Services, LLC, a Delaware limited liability company ("*Capital One*"), serving on behalf of the issuer, Capital One N.A. and having its principal office at 15000 Capital One Drive, Richmond, VA 23238, as the true and lawful attorney with respect only to the actions described below, and hereby vests in Capital One the limited power and authority to take those actions described below:

1. To prepare, execute, acknowledge, verify, swear to, deliver, endorse, negotiate, record and file, in the Grantor's name, place and stead, all agreements, instruments, documents, assignments and certificates that Capital One, in its reasonable discretion, deems advisable, desirable, proper and/or necessary for Capital One to (a) grant, receive, maintain, correct, perfect or release a security interest in each vehicle securing an Account (as defined in the Purchase and Assumption Agreement, dated as of August 10, 2011, as it may be amended from time to time (the "*Agreement*"), by and among HSBC Finance Corporation, HSBC USA, Inc., HSBC Technology and Services (USA), Inc. and Capital One Financial Corporation), purchased by Capital One or its applicable affiliate pursuant to the Agreement and the proceeds thereof in favor of Capital One or its applicable affiliate, (b) to exercise the rights of the Grantor with respect to each such vehicle and the proceeds thereof (including, without limitation, the right to repossess and dispose of any such vehicle), (c) to grant, sell, assign and transfer each related document to Capital One or its applicable affiliate, and (d) to generally do and perform all and any other act whatsoever as may be advisable, desirable, proper and/or necessary with respect to the authority granted in clauses (a) through (c) of this paragraph. The foregoing shall include, without limitation, the power and authority to make, execute, acknowledge, verify, swear to, deliver, endorse, negotiate, record and file Certificates of Title, financing statements, releases of lien, and similar documents with respect to each vehicle and all amendments and supplements thereto and to sign any assignments of the related documents to Capital One or its applicable affiliate, that Capital One, in its reasonable discretion, deems advisable, desirable, proper and/or necessary, all in connection with, and consistent with the terms of the Agreement.

2. To prepare, execute, acknowledge, verify, swear to, deliver, endorse, negotiate, record and file, in the Grantor's name, place and stead, all agreements, instruments, documents, assignments and certificates that Capital One, in its reasonable discretion, deems advisable, desirable, proper and/or necessary for Capital One to (a) grant, receive, maintain, correct, perfect or release a security interest in each vehicle securing an account for which a lien document is erroneously filed naming Grantor as the lienholder within 120 days of the date hereof by any dealer subject to a dealer agreement assigned to Capital One or any of its affiliates pursuant to the Agreement (each, a "*Dealer*") and the proceeds thereof in favor of Capital One or its applicable affiliate, (b) to exercise the rights of the Grantor with respect to each such vehicle and the proceeds thereof (including, without limitation, the right to repossess and dispose of any such vehicle), (c) to grant, sell, assign and transfer each related document to Capital One or its applicable affiliate, and (d) to generally do and perform all and any other act whatsoever as may be advisable, desirable, proper and/or necessary with respect to the authority granted in clauses (a) through (c) of this paragraph. The foregoing shall include, without limitation, the power and authority to make, execute, acknowledge, verify, swear to, deliver, endorse, negotiate, record and file Certificates of Title, financing statements, releases of lien and similar documents with respect to each vehicle and all amendments and supplements thereto and to sign any assignments of the related documents to Capital One or its applicable affiliate, that Capital One, in its reasonable discretion, deems advisable, desirable, proper and/or necessary, all in connection with, and consistent with the terms of the Agreement.

3. To prepare, execute, deliver, endorse and negotiate in the name of the Grantor payment checks from dealers and customers in connection with each Account, as defined in the Agreement, purchased by Capital One or its applicable affiliate pursuant to the Agreement.

4. To prepare, execute, deliver, endorse and negotiate in the name of Grantor payment checks, money orders, or other instruments made payable to Grantor, received as payment with respect to each Account as defined in the Agreement purchased by Capital One or its applicable affiliate pursuant to the Agreement.

Capital One hereby agrees that, in connection with any exercise of the power and authority vested by paragraph 2 above, Capital One shall use its reasonable best efforts to promptly request that the applicable Dealer (i) thereafter correctly record Capital One or its applicable affiliate and not Grantor as the lienholder with respect to vehicles that are the subject of accounts owned by Capital One or its applicable affiliate and (ii) coordinate with the applicable account customer to execute new lien documentation so naming Capital One or its applicable affiliate and not Grantor as the lienholder.

The parties hereby agree that the granting of this Limited Power of Attorney shall not in any way alter the parties respective rights to indemnification provided for in Article 8 of the Agreement.

The Grantor does hereby ratify and confirm any and all things whatsoever that Capital One may do, subject to the limitations contained herein, by virtue hereof with respect to the powers and authorities granted hereby. This Limited Power of Attorney shall be deemed to have been executed under seal, to be coupled with an interest, and shall extend to any successor of the Grantor.

This Limited Power of Attorney shall commence on the date hereof and shall continue in full force and effect until each of the purchased Accounts assigned to Capital One or its applicable affiliate under the Agreement are fully paid or purchased, at which time this Limited Power of Attorney shall terminate ("Termination"). Any third party may rely upon this document as Capital One's authority to continue to exercise the powers herein granted unless Termination has been recorded in the public records of the jurisdiction where this Limited Power of Attorney has been recorded, or unless a third party has received actual notice of Termination.

This Limited Power of Attorney shall be governed by and construed in accordance with New York law.

*[Signature Page Follows]*

IN WITNESS WHEREOF, Grantor has executed this Limited Power of Attorney effective as of the 1st day of May, 2012.

HSBC Bank Nevada, N.A.

By: _____
Name: Lorrie Adams
Title: Executive Vice President

STATE OF ILLINOIS )
                  ) SS
COUNTY OF LAKE    )

On this 15th day of April, 2012, before me, a Notary Public in the State of Illinois, personally appeared Lorrie Adams, to me personally known to be an officer of HSBC Bank Nevada, N.A., and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the entity named above his signature.

_____
Notary Public

[OFFICIAL SEAL
ISHMAEL O ZAREMBA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 05/07/13]

HSBC Retail Credit (USA) Inc.

By: _____
Name: Eesh K. Bansal
Title: President

STATE OF NEW YORK )
                  ) SS
COUNTY OF _____ )

On this 30th day of April, 2012, before me, a Notary Public in the State of New York, personally appeared Esh K. Bansal, to me personally known to be an officer of HSBC Retail Credit (USA) Inc., and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the entity named above his signature.

_____
Notary Public

(SEAL)

JANE H. KAUH
Notary Public, State of New York
No. 02KA6129152
Qualified in New York County
Commission Expires June 20, 20_13_

CAPITAL ONE SERVICES, LLC

_____
BRADLEY R. THAYER
MANAGING VICE PRESIDENT,
CORPORATE DEVELOPMENT

STATE OF Virginia )
                  ) SS
COUNTY OF _____ )

30th day of April, before me, a Notary Public in the State of Virginia, personally appeared ___, to me personally known to be an officer of [Capital One Entity], and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the entity named above his signature.

_____  (SEAL)

CHRISTINE A VAN HORN
NOTARY PUBLIC
REG. #307303
COMMONWEALTH OF VIRGINIA
COMMISSION EXPIRES JULY 31, 2013

# Yamaha Motor Corporation, USA Card Program

Steve C.

**Application Type:** A married person may apply for individual credit, you are applying for:
☐ INDIVIDUAL CREDIT, complete only individual section.
☒ JOINT CREDIT, with another person, complete entire application.

## APPLICANT (Please Print)

Applicant's Driver's License Number: 6324
State of Issue: TX
Date of Issue: / /
Expiration Date: 11/02/07

First Name: Gilbert
Middle Initial: 
Last Name: Rodriguez III
Social Security Number: -38 45
Date of Birth (MM/DD/YYYY): / /1971

Address: 
Apt #:
City: Snake Canyon, San Antonio
State: TX
Zip Code: 78252
Home Phone: 

Work Phone: .9180
Housing Status: ☐ Buyer/Owner ☐ Rent/Lease ☒ Other/Misc.
Annual Income (Gross): $50,000
Check if you have a: ☒ Checking Account ☒ Savings Account
E-Mail Address (Optional):

Date of Residence (MM/YYYY): 3811
Employer Name: AMF Country Lanes
Date of Employment (MM/YYYY): 09/1990

For WI Residents Only: Check box if you are married ☐

## JOINT APPLICANT or if you are a MARRIED WISCONSIN RESIDENT

Joint Applicant's Driver's License Number: 5462 CDL CLASS A
State of Issue: TEXAS
Date of Issue: / /
Expiration Date: 12/30/11
E-mail Address (Optional):

First Name: Gilbert
Middle Initial:
Last Name: Rodriguez Jr
Social Security Number: -21 12
Date of Birth (MM/DD/YY): /51

Address: Weir Avenue
Apt #:
City: San Antonio
State:
Zip Code: 78226
Home Phone: 8573

Work Phone: -0066
Annual Income (Gross): $80,000
Date of Residence (MM/YYYY): 02/71
Employer Name: C-6 Disposal Sys
Date of Employment (MM/YYYY): 09/05

## PROTECT YOUR ACCOUNT WITH THE YPP — Yamaha Payment Protection Program (referred to below as YPP) AN OPTIONAL MONTHLY DEBT CANCELLATION PROGRAM.

If you enroll in our optional YPP program, your monthly credit card balance or a portion of your balance may be cancelled in the case of a qualifying Total Disability, Involuntary Unemployment, or Loss of Life event. For Total Disability, the maximum balance that may be cancelled is $300 per month, up to $10,000 and, for Involuntary Unemployment, up to $300 per month for six months. For Loss of Life, the maximum balance that can be cancelled is $10,000. To receive a cancellation for Involuntary Unemployment or Total Disability, you must be employed full-time (but not self-employed, working for a spouse or employed on a part-time basis) and working 30 hours or more per week at a single job on the date the event occurs. YPP is not insurance and is unavailable in Mississippi, Guam, the Virgin Islands, Puerto Rico and Canada.

YES, please enroll me, the primary cardholder, in the optional YPP monthly debt cancellation program. I authorize the monthly charge to my account when I have a balance. I have received and read the YPP Summary. I understand that your evaluation of my credit card application will not be influenced by whether I choose to enroll, and I am free to cancel at any time.

NO, I do not wish to enroll at this time.

SIGN HERE TO ENROLL    DATE                    SIGN HERE TO DECLINE    8/18/07 DATE

## APPLICANT(S) SIGNATURE REQUIRED BELOW

All of the information furnished on this application is, to the best of your knowledge, complete and accurate. You agree that we may obtain a credit bureau report on you and may check any of the information provided on this application from whatever source we choose. By completing and signing this application, you are applying for a credit limit in the highest amount we deem appropriate, regardless of any initial sale amount, and you are requesting a Card issued to you by us which will allow you to make purchases under this Account. By a) signing, using or permitting others to use this Card; b) signing or permitting others to sign sales slips; c) making or permitting others to make purchases by telephone, Internet, or any other means, you agree to the terms and conditions of the Cardholder Agreement and Disclosure Statement, (which includes an arbitration provision) which shall be sent to you with the credit card and to the Tiered APR Disclosures, which you acknowledge receiving and which are incorporated herein by reference. You have read and received a copy of your Important Terms and Tiered APR Disclosures before making any purchase under this Account. Terms are attached. If this is a joint credit application, you understand that each applicant has the right to use the Account and that you shall be liable for all purchases made under the Account by any joint applicant. You grant us a purchase money security interest in the goods purchased on your Account. You understand that we may provide information relating to our transactions and experiences with you to others, including Yamaha, whether or not you are approved for credit. You may prohibit the sharing of such information by calling us at 1-800-365-3604.

Applicant's Signature    Date (MM/DD/YY): 8/18/07
Joint Applicant's Signature    Date (MM/DD/YY): 8/18/07

STORE USE ONLY:
Applicant's Second ID (Type and Number) Expires
Joint Applicant's Second ID (Type and Number) Expires
Authorization Number    Name of Person Obtaining Verification and #

6022-YAMAHA-US-20 (7-05)

## TIER VERIFICATION

This section must be completed when the applicant is approved

YOU ACKNOWLEDGE YOU HAVE RECEIVED AND READ THE TIER  1 ②  3  4  (circle one)
STANDARD APR DISCLOSURE.

Applicant's Signature X                            Date (MM/DD/YY): 8/18/07
ACCOUNT #: 1 2 7 0

1110    #D11728    15,000                Y2PR6WL

HSBC BANK NEVADA NA
700 N WOOD DALE RD
WOOD DALE, IL 60191-1133

9-19-07

1270

▼ DETACH HERE ▼

# TEXAS CERTIFICATE OF TITLE

VEHICLE TITLES AND REGISTRATION DIVISION

**81522161**

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| JYARJ12E07A011728 | 2007 | YAMA | MC |

| | | | TITLE/DOCUMENT NUMBER | DATE TITLE ISSUED |
|---|---|---|---|---|
| MODEL | MFG. CAPACITY IN TONS | WEIGHT | 01521639320145823 | 09/08/2007 |
| | | | LICENSE NUMBER | |
| | | | 3NT233 | |

PREVIOUS OWNER
KENT POWERSPORTS SELMA TX

OWNER
GILBERT RODRIGUEZ III
GILBERT RODRIGUEZ JR
SNAKE CANYON
SAN ANTONIO, TX 78252

ODOMETER READING
2

REMARK(S)
ACTUAL MILEAGE

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

DATE OF LIEN                      1ST LIENHOLDER
08/18/2007  HSBC BANK NEVADA NA
            700 NORTH WOOD DALE RD
            WOOD DALE, IL 60191

1ST LIEN RELEASED _____ DATE

BY _____ AUTHORIZED AGENT

DATE OF LIEN                      2ND LIENHOLDER

2ND LIEN RELEASED _____ DATE

BY _____ AUTHORIZED AGENT

DATE OF LIEN                      3RD LIENHOLDER

3RD LIEN RELEASED _____ DATE

BY _____ AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

RIGHTS OF SURVIVORSHIP AGREEMENT
WE, THE PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE

SIGNATURE _____ DATE

FORM VTR-346 may be obtained from any of the following:
- your local County Tax Assessor-Collector's Office
- a Vehicle Titles and Registration Division Regional Office (located in the larger cities in the state)
- by accessing TxDOT's Web site (www.txdot.gov)
- by calling TxDOT's fax-on-demand service at 1-888-232-7033 (form 0346)

---

**WHEN VEHICLE IS SOLD, TITLE HOLDER MUST ASSIGN AND FURNISH THIS TITLE, CURRENT LICENSE RECEIPT, AND SIGNED APPLICATION FOR TITLE (FORM 130-U) INDICATING DATE OF SALE AND SALES PRICE TO THE PURCHASER WHO MUST FILE APPLICATION WITH COUNTY TAX ASSESSOR-COLLECTOR WITHIN 20 WORKING DAYS TO AVOID PENALTY.**

▶ **FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.**

**ASSIGNMENT OF TITLE**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser | Street | City | State | Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
- ODOMETER READING (No Tenths)
- ☐ 1. The mileage stated is in excess of its mechanical limits.
- ☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale

Signature of Seller/Agent | Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent | Printed Name (same as signature)

**FIRST REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser | Street | City | State | Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
- ODOMETER READING (No Tenths)
- ☐ 1. The mileage stated is in excess of its mechanical limits.
- ☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale | Dealer No.

Dealer's Name

Agent's Signature | Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent | Printed Name (same as signature)

**SECOND REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser | Street | City | State | Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
- ODOMETER READING (No Tenths)
- ☐ 1. The mileage stated is in excess of its mechanical limits.
- ☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale | Dealer No.

Dealer's Name

Agent's Signature | Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent | Printed Name (same as signature)

**D REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser | Street | City | State | Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
- ODOMETER READING (No Tenths)
- ☐ 1. The mileage stated is in excess of its mechanical limits.
- ☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale | Dealer No.

Dealer's Name